ETHEL M. WARDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Warda v. Commissioner
Docket No. 13617-87.
United States Tax Court
T.C. Memo 1988-572; 1988 Tax Ct. Memo LEXIS 596; 56 T.C.M. (CCH) 874; T.C.M. (RIA) 88572; December 19, 1988. Ethel M. Warda, pro se. Tanya M. Marcum, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: By notice of deficiency dated March 10, 1987, respondent determined *599 the following deficiencies in petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6654
Sec. 6661
1981
$ 98,303.00
$ 4,915.15
$ 7,532.44
-0-   1982
80,749.00
4,037.45
7,679.08
20,187.25
1983
78,834.92
3,941.75
4,696.96
19,708.73
1984
65,555.00
3,277.00
3,954.49
16,388.75
Respondent also determined that, for each year, petitioner was liable under section 6653(a)(2) for an additional 50 percent of the interest due on the part of the deficiency attributable to negligence. The primary issue for decision is whether petitioner failed to report income from various sources. The facts have been fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Berrien Springs, Michigan, at the time she filed her petition. She filed Federal income tax returns for the years 1981, 1982, 1983 and 1984. We *600 note at the outset that many of petitioner's positions are indistinguishable from her positions in Warda v. Commissioner,T.C. Memo. 1985-601, which dealt with prior years. As we noted therein, under section 61, gross income includes all income from whatever source derived, including gains derived from dealings in property, interest and dividends. Income is excludable from gross income only if so provided by the Internal Revenue Code. To the extent that factual questions are involved herein, petitioner has the burden of proof. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). That the case is fully stipulated does not change the burden of proof. Service Bolt & Nut Co. Trust v. Commissioner,78 T.C. 812, 819 (1982), affd. 724 F.2d 519 (5th Cir. 1983); Rule 122(b). The parties stipulated that petitioner realized the following capital gains [2] that she did not report on her Federal income tax returns for the particular year: *601 Year
Amount
1981
$ 21,445
1982
23,675
1983
17,233
1984
4,145
Petitioner argues that some of the sales constituted like-kind exchanges within the ambit of section 1031 because the proceeds therefrom were reinvested in other stock and that some were involuntary conversions within the meaning of section 1033, apparently because certain bonds that she owned were redeemed.[3] In either event, she argues, her gain should not be recognized during the year realized. We disagree. As noted in Warda v. Commissioner, supra,section 1031(a)(2)(B) specifically excludes stocks, bonds or notes from the provisions of section 1031, and the involuntary conversions contemplated by section 1033 include destruction, theft, seizure or condemnation, not the redemption that petitioner alleges occurred here. [4] Therefore, we sustain respondent's determination, as modified, *602 with respect to petitioner's capital gains. The parties stipulated that petitioner received the following interest income that she did not report on her Federal income tax returns: Year
Amount
1981
$  99,291
1982
121,870
1983
121,669
1984
122,211
Some of this interest was earned on bonds issued by foreign countries and political subdivisions thereof. Petitioner argues that such interest should not be included in gross income under section 103 because it was earned on government bonds. We rejected this argument in Warda v. Commissioner, supra, and for the reasons stated therein we reject it again here, and hold that respondent's determination with respect *603 to petitioner's interest income is correct. [5]
The parties stipulated that petitioner received the following dividends that she did not report on her Federal income tax returns: Year
Amount
1981
$ 16,181
1982
14,599
1983
3,245
1984
1,632
We note that the exhibit to which the stipulation refers, as adjusted for concessions by respondent, shows unreported dividend income of $ 16,179 for 1981 and $ 14,597 for 1982. While we will not lightly disregard stipulated facts, we will not be bound by the stipulation if it is clearly contrary to the record. Jasionowski v. Commissioner,66 T.C. 312, 318 (1976). Because the stipulated figures are clearly contrary to those shown on the exhibits in the record, we find that petitioner's unreported dividend income for 1981 is, at most, $ 16,179 and for 1982 is, at most, $ 14,597. Petitioner asserts, contrary to the stipulation, that *604 she did not receive dividend income from Lockheed Corporation of $ 15,000 in 1981 and $ 15,040 in 1982 because that corporation paid no dividends during those years. Furthermore, she contends that those amounts were properly included in unreported capital gains and improperly included in unreported dividends for each year. Respondent had an opportunity to file a reply brief and either dispute this contention or attempt to hold petitioner to her stipulation. He chose to do neither. Under the circumstances, we will not hold petitioner to her stipulation, and find that unreported dividend income must be decreased by $ 15,000 for 1981 and $ 15,040 for 1982. See Standard & Poor's, Dividend Record Annual Issue 134 (1982); Standard & Poor's, Dividend Record Annual Issue 133 (1983); see also New York Times, May 16, 1984, at D4, col. 1 ("The Lockheed Corporation declared a quarterly dividend of 15 cents a share, the first dividend on common stock since December 1969 * * *."). [6]
*605 Respondent disallowed deductions claimed for charitable contributions, taxes and a farm loss. He subsequently conceded portions of the taxes. Petitioner has presented no evidence on these items, and we hold that she has failed to carry her burden of proof that respondent's determination, as modified by his concession, is incorrect. Petitioner asserts that the statute of limitations has run for 1981. Petitioner's return for that year showed gross income of $ 25,729. The record does not reveal when petitioner's 1981 income tax return was filed, but the earliest that it could be deemed to have been filed is April 15, 1982. See sec. 6501(b)(1). The omissions from gross income that we have found herein exceed 25 percent of that amount. Because such omissions were not adequately disclosed on the return, the 6-year statute of limitations of section 6501(e) applies, so respondent's deficiency notice, mailed less than 5 years after the earliest date on which the tax return was filed, was timely. [7]
Respondent determined *606 that petitioner is liable for additions to tax under section 6653(a), which provides for an addition to tax when any part of an underpayment "is due to negligence or intentional disregard of rules or regulations * * *." Sec. 6653(a). Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances; petitioner has the burden of proving that she is not liable for the additions. Neely v. Commissioner,85 T.C. 934, 947 (1985); Rule 122(b). She has presented no evidence to meet that burden, and we find that the substantial understatements of income and the failure to maintain books and records shows that she failed to exercise due care. Therefore, respondent's determination with respect to sections 6653(a)(1) and 6653(a)(2) is sustained. Cf. Warda v. Commissioner, supra. *607 Respondent also determined that petitioner was liable for additions to tax under section 6654 for failure to pay estimated tax. Section 6654(a) provides, in pertinent part, that: In the case of any underpayment of estimated tax by an individual, there shall be added to the tax under chapter 1 * * * for the taxable year an amount determined by applying -- (1) the underpayment rate established under section 6621, (2) to the amount of the underpayment, (3) for the period of the underpayment. The amount of the underpayment is the excess of the required installment over the amount of the installment paid. Sec. 6654(b)(1). The amount of the required installment is 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is "80 percent of the tax shown on the return for the taxable year (or, if no return is filed, 80 percent of the tax for such year) * * *." Sec. 6654(d)(1)(B)(i). Petitioner made the following estimated payments and her returns showed that she owed the following amounts of tax: Tax
Year
Payments [8]
on Return
1981
-0-    $ 1,861.00
1982
$ 1,500.00
1,721.00
1983
1,730.00
2,269.08
1984
2,200.00
2,214.00
*608 Respondent based the amount of the addition on the amount of tax shown in his deficiency notice, not on the amount of tax shown on the return. This is the incorrect basis for determining the amount of the addition. See Sampson v. Commissioner,T.C. Memo. 1986-231; cf. Evans Cooperage Co. v. United States,712 F.2d 199, 203-204 (5th Cir. 1983). See also S. Rept. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess. 135-136 (1954). Petitioner's estimated payments totalled 80 percent of the tax shown on the return for 1982, 1983 and 1984. We therefore hold that she is not liable for the addition to tax under section 6654 for those years. She made no estimated payments for 1981, and has not shown that any of the other exceptions apply, so we hold that she is liable for the addition to tax for that year, but the amount must be recomputed based *609 on the amount of tax shown on the return. Finally, respondent determined that petitioner was liable for an addition to tax under section 6661 for 1982, 1983 and 1984. That section provides for a 25-percent addition to tax for an underpayment attributable to a substantial understatement of income tax that is assessed after October 21, 1986. Sec. 6661(a); Pallotini v. Commissioner,90 T.C. 498 (1988). A substantial understatement is the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Here there was such an understatement. The addition is proper unless there is substantial authority for the tax treatment accorded an item, sec. 6661(b)(2)(B)(i), or the tax treatment is adequately disclosed. Sec. 6661(b)(2)(B)(ii). Neither exception applies and we hold that respondent's determination is correct. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that in the deficiency notice, respondent determined that the entire proceeds of the transactions were taxable. The stipulated figures allow for petitioner's basis in the assets sold.↩
3. Petitioner also argues that she did not realize part of the capital gain determined by respondent for 1981. She has presented no evidence on this point that would require us to go behind the stipulation, however, and we hold that she has not met her burden of proof. ↩
4. Petitioner also cites section 64, which defines ordinary income. That section does not stand for the proposition, as petitioner argues, that net earnings include only gain from sale of noncapital assets.↩
5. Petitioner also argues that the faces of certain bonds indicate that the income therefrom is not to be taxed. Those bonds, however, merely state that they are not subject to tax in the countries issuing them and in the political subdivisions of those countries.↩
6. Petitioner cites section 115 as indicating that certain dividends involved herein are not taxable. That section provides: "Gross income does not include * * * income derived from any public utility * * * and accruing to a State or any political subdivision thereof * * *." Thus, it clearly does not apply to petitioner.↩
7. We note that, although petitioner has not asserted that the statute of limitations has run for 1982, our holding would be the same for that year as for 1981.↩
8. These payments are reflected in respondent's calculations attached to the deficiency notice. Under these circumstances, we are unable to understand the assertion in respondent's brief that "The petitioner's failure to make any estimated tax payments justifies this addition to tax."↩